State vs. Wells.

No. 8345.

THE STATE OF LOUISIANA VS. ALONZO WELLS.

A venire drawn by a majority of the Jury Commission, in the absence of a member who has not yet qualified, is legal and regular.

APPEAL from the Seventeenth Judicial District Court, parish of East Baton Rouge. *Sherburne, J.* ·

J. C. *Egan*, Attorney General, for the State, Appellee :

First—The non-qualification of one of the appointees on a jury commission does not invalidate the organization of said commission, nor the proceedings thereof, if said appointee does not participate therein.

Second—It is only necessary that three members of a jury commission be present and transact the duties imposed on the commission. Sec. 3, Act No. 44, of 1877.

Third—It is a presumption of law that public officers perform the duties, and it is incumbent on the complainant to prove dereliction.

*Cross & Jones* for Defendant and Appellant :

The process verbal of jury commission must show that the formalities of law required in drawing the jury are complied with.

The commission must be organized as a whole before a majority can form the venire.

The verdict of the jury must appear on the indictment in proper form—and where there is no verdict endorsed in proper form the informality is not helped by the statement of the minutes.

The accused is entitled to the charge that the name of the deceased as stated in the indictment should be proved.

Where the record does not show that the indictment was brought into open court by the grand jury, the defect is fatal.

The opinion of the Court was delivered by

BERMUDEZ, C. J.   The accused was prosecuted for murder, found guilty without capital punishment, and sentenced to hard labor for life in the State Penitentiary.

On appeal, he seeks to have the verdict and judgment thereon set aside on the ground that the motion which he made to quash the venire was illegally overruled. The motion charges that the jury commission was not organized by the acceptance of one Von Phul, and the majority could not act until the commission was thus completed.

It is sufficient to say that the law does not contemplate as a condition precedent, *sine qua non*, that the members of a jury commission should all accept and qualify, before a majority of them, who have accepted and qualified, can act in the discharge of duties which the statute expressly imposes upon them.   It is only necessary that the three members who compose such majority of the commission have accepted, qualified, be present and fulfill the functions assigned to them.   The omission of one of the members of that body to qualify or to participate in

the discharge of such duties, does not strike fatally the existence, or invalidate the official acts, of that body. Act 1877, No. 44, Sec. 3.

The speedy and impartial administration of justice, to which both the State and the accused awaiting trial are entitled, cannot be permitted to be impeded and thwarted by the happening of such irregularities. It was, no doubt, in prevision of the occurrence of such contingencies, that the law has wisely lodged in a majority the whole powers of the entire organization.

Judgment affirmed.